UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

ERIC BRADLEY,

                             Plaintiff,

              -against-

CITY OF NEW YORK,

                           Defendant.

---------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM
AND ORDER**

**08-CV-1106 (NGG)**

       Plaintiff Eric Bradley ("Plaintiff") brings this action against the City of New York (the

"City") pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated.[1]

(Compl. (Docket Entry #1).)  Before the court is the City's unopposed Motion to Dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entry #11.)  For the

reasons below, the Motion is GRANTED.

## I.    THE COMPLAINT

       The Complaint alleges the following facts.  Plaintiff was arrested by New York City

police officers on March 7, 2005 and charged with Criminal Possession of a Weapon in the Third

Degree.  (Compl. ¶ 13.)  Plaintiff was indicted for that offense under Indictment 1266-2005.  (Id.

¶ 14.)  Plaintiff was incarcerated for 451 days and was brought into court thirteen times.  (Id. ¶

16.)  On May 16, 2006, Plaintiff was found not guilty by a jury in the New York Supreme Court,

Queens County.  (Id. ¶ 15.)

---

[1] Plaintiff's Complaint names the City and Queens County District Attorney Richard Brown ("Brown") as
defendants.  (Id.)  At a pre-motion conference on September 4, 2008, Plaintiff's counsel stipulated on the record to
remove Brown as a defendant in this action.

The Complaint does not include any additional details as to the factual circumstances surrounding Plaintiff's arrest and prosecution. Count One alleges that Plaintiff was arrested, imprisoned, and deprived of his rights without probable cause, without "any improper[] or criminal conduct on the part of the plaintiff," and that the assistant district attorneys and police officers "used their positions in law enforcement for improper purposes." (Id. ¶¶ 19-20.) In Count Two, Plaintiff alleges that the City and District Attorney Brown – who is no longer a defendant in this action – covered up each other's actions, helped detain Plaintiff for an unreasonable period of time, and assisted in the unlawful detention of Plaintiff despite the existence of exculpatory evidence and in the absence of probable cause. (Id. ¶ 22.) Count Two also alleges that the City and Brown entered into and carried out a scheme intended to deprive Plaintiff of his constitutional rights. (Id. ¶¶ 22-23.) Count Three alleges that the City failed to adequately train, discipline, and supervise assistant district attorneys, police officers, and other municipal employees and failed to promulgate and put into effect appropriate rules and regulations. (Id. ¶ 25.) The Complaint seeks $150 million in damages. (Id. at 6.)

## II. STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 115-16 (2d Cir. 2007). To state a claim on which relief can be granted, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The pleading obligation "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal quotation marks and alteration omitted). Twombly's "flexible 'plausibility standard' . . . means that a pleader must amplify a

claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," but does not mandate "a universal standard of heightened fact pleading." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). Nonetheless, the factual allegations "must be enough to raise a right to relief above the speculative level," Twombly, 544 U.S. at 555, that is, there must be "enough facts to nudge plaintiffs' claims across the line from conceivable to plausible," In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). Even prior to Twombly, the Second Circuit had noted that "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006) (internal quotation marks omitted); see also Paycom Billing Servs. v. Mastercard Int'l, Inc., 467 F.3d 283, 289 (2d Cir. 2006) (noting that conclusory statements cannot "substitute for minimally sufficient factual allegations") (internal quotation marks omitted).

Despite ample opportunity to respond to the City's Motion, Plaintiff has not done so, nor has he communicated in any way with the court since the Motion was filed. Plaintiff's counsel agreed to the briefing schedule set by the court at the pre-motion conference. Pursuant to this court's Order, Plaintiff was to serve his opposition papers no later than October 2, 2008. By letter dated November 21, 2008, the City notified the court that Plaintiff had not served any opposition, requesting that the court deem the Motion unopposed. (Docket Entry #14.) On November 24, 2008, the City filed its Motion with the court. On April 16, 2009, the court ordered Plaintiff to respond to the City's Motion no later than April 24, 2009, or the court would deem the Motion unopposed. (Docket Entry #15.) To date, Plaintiff has not responded. Failure to oppose a motion to dismiss under Rule 12(b)(6), however, does not warrant dismissal if the complaint is sufficient to state a claim on which relief can be granted. McCall v. Pataki, 232

F.3d 321, 322 (2d Cir. 2000). The court thus considers whether the Complaint is sufficient to state a claim.

## III. DISCUSSION

Plaintiff's Complaint alleges false arrest (Count One), conspiracy to violate Plaintiff's constitutional rights (Count Two), and failure to train (Count Three). As noted above, the City is the sole remaining defendant. The City's Motion contends, inter alia, that Plaintiff fails to state a claim for municipal liability under 42 U.S.C. § 1983 ("Section 1983"). (Def. Mem. 1 (Docket Entry #13).) The court agrees. Accordingly, the federal claims are dismissed, and the court declines supplemental jurisdiction over Plaintiff's state-law claims.

### A. Municipal Liability Under Section 1983

It is well-established that a municipality may not be held liable under Section 1983 on the basis of respondeat superior. Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978); see also Walker v. City of New York, 974 F.2d 293, 301 (2d Cir. 1992) ("The Supreme Court has made clear that § 1983 does not subject municipalities to liability whenever municipal employees go astray. It is only when the municipality itself wreaks injury on its citizens that municipal liability is appropriate."). To hold a municipality liable under Section 1983, a plaintiff must establish both a violation of his or her constitutional rights and that the violation was caused by a municipal policy or custom. See id. at 690-91; Bd. of the County Comm'rs v. Brown, 520 U.S. 400, 404 (1997) (noting that the policy or custom must be the actual "moving force" behind the alleged wrongs"); City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (holding that without a constitutional violation, a municipality cannot be held liable under Section 1983).

As this court recently discussed in Sheikh v. City of New York, Nos. 03-CV-6326, 05-CV-4718 (NGG), 2008 WL 5146645, at *11 (E.D.N.Y. Dec. 5, 2008), to establish municipal liability under Section 1983, a plaintiff must show one of the following: (1) a formal policy, promulgated or adopted by the City, Monell, 436 U.S. at 690; (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986); or (3) the existence of an unlawful practice by subordinate officials was so permanent or well settled so as to constitute a "custom or usage" and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). If liability is based on failure to train or supervise, a plaintiff must show "deliberate indifference to the rights of those with whom the municipal employees will come into contact," City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007). To establish that the policymaker took action or constructively acquiesced to an unlawful practice, a plaintiff must show that the policymaking official "had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was 'obvious,' . . . and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction." Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 129 (2d Cir. 2004) (quoting Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995)). Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal policymaker." City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

In terms of what a complaint must allege to survive a Motion to Dismiss, the Second Circuit has held that "'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993), overruled on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); see also Smith v. City of New York, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (holding that a conclusory, boilerplate assertion of a municipal policy or custom was insufficient to survive motion to dismiss); Econ. Opportunity Comm'n v. County of Nassau, Inc., 47 F. Supp. 2d 353, 370 (E.D.N.Y. 1999) (dismissing municipal liability claim where plaintiffs "d[id] not proffer any facts in support of the conclusory allegation that the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries."). To establish municipal liability under Tuttle and Pembauer, a plaintiff must "allege actual conduct by a municipal policymaker." Walker, 974 F.2d at 296-97; Pembauer, 475 U.S. at 481 ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.").

### 1. False Arrest

Accepting as true Plaintiff's allegation that he was arrested without probable cause in violation of his constitutional rights, Plaintiff has not alleged facts sufficient to state a claim for municipal liability for false arrest as a result of any policy or custom of the City. [2] The

---

[2] The City asserts that the false arrest claim is time-barred, because the Complaint was filed more than three years after the date of Plaintiff's arrest and arraignment. (Def. Mem. 4-5.) Surprisingly, the City's Motion omits mention of Covington v. City of New York, 171 F.3d 117, 121 (2d Cir.), cert. denied, 528 U.S. 946 (1999). In Covington, the Second Circuit noted that while the general rule is that the time of accrual of the statute of limitations for Section 1983 actions is "when the plaintiff knows or has reason to know of the injury which is the basis of his action," this rule is subject to the Supreme Court's analysis in Heck v. Humphrey, 512 U.S. 477 (1994), which held that in order to recover damages for allegedly unconstitutional imprisonment, a Section 1983 plaintiff must prove that the conviction or sentence has been invalidated. Covington, 171 F.3d at 121. "[T]o determine whether Covington's false arrest accrued at the time of the arrest or only when the prosecution against him on the charges

Complaint's conclusory, boilerplate language – that the City "fail[ed] to adequately train, discipline, and supervise" employees and "fail[e]d to promulgate and put into effect appropriate rules and regulations applicable to the duties and behavior" of its employees (Compl. ¶¶ 19, 25) – is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused Plaintiff to be arrested without probable cause. In <u>Dwares</u>, the Second Circuit noted that "the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." <u>Dwares</u>, 985 F.3d at 100; <u>see</u> <u>Ricciuti v. New York City Transit Auth.</u>, 941 F.2d 119, 123 (2d Cir. 1991).

In sum, Plaintiff has not pled enough facts to render plausible his claim that he was falsely arrested as a direct result of the City's policies and customs. <u>Twombly</u>, 550 U.S. at 570; <u>In re Elevator Antitrust Litg.</u>, 502 F.3d at 50. Here, Plaintiff's conclusory assertions "cannot substitute for minimally sufficient factual allegations." <u>Paycom Billing Servs.</u>, 467 F.3d at 289 (internal quotation marks omitted).

### 2. Conspiracy To Violate Constitutional Rights

Turning to Plaintiff's claim of conspiracy under Section 1983 to violate his constitutional rights, the court concludes that dismissal of the conspiracy claim against the City is proper for several reasons.

---

relating to that arrest was dismissed, the question is whether 'a judgment in favor of [Covington in the § 1983 action] would necessarily imply the invalidity of' any conviction or sentence that might have resulted from the prosecution of Covington resulting from the arrest." <u>Id.</u> at 122 (quoting <u>Heck</u>, 512 U.S. at 487). The court reasoned that "if a favorable determination on the false arrest claim would in fact have undermined the validity of any potential conviction against Covington resulting from the state criminal proceedings, then Covington's false arrest would not accrue until those criminal proceedings terminated, and his false arrest claim would not now be time-barred." <u>Id.</u> at 119-120. It found this inquiry "inherently a factual one" that could not be determined without information as to the available evidence which might have been introduced against Covington in the criminal proceeding. <u>See id.</u> at 122-23.

Here, the court cannot determine from the face of the Complaint whether the claim for false arrest is time-barred. <u>See</u> <u>Cotto v. Pabon</u>, No. 07-CIV-7656 (AJP), 2008 WL 4962986, at *7-8 (Nov. 20, 2008) (holding Section 1983 claim not time-barred because the court could not determine, as a factual matter, whether the claim accrued at the date of arrest or when the plaintiff was not found not guilty of the criminal offense, because the court was "in the dark as to the evidence at [the criminal] trial."). In any event, it is immaterial whether the claim is time-barred, because the false arrest claim against the City is dismissed for failure to state a claim on which relief can be granted.

First, Plaintiff has not adequately pled a conspiracy under Section 1983, because his allegations are too conclusory to pass muster under Rule 12(b)(6). The elements of a Section 1983 conspiracy claim are: (1) an agreement between two or more state actors or a state actor and a private entity (2) to act in concert to inflict an unconstitutional injury, and (3) an overt act done in furtherance of that goal, and causing some harm. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). While the pleadings standard for a conspiracy under Section 1983 in the Second Circuit is not entirely clear,[3] the Second Circuit has continued to apply the standard in Ciambriello that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Ciambriello, 292 F.3d at 325 (internal quotation marks and citations omitted); see Walker v. Jastremski, 430 F.3d 560, 564 n.5 (2d Cir. 2005) (noting that "conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983" and citing Ciambriello); Farbstein v. Hicksville Pub. Library, 254 Fed. Appx. 50, 51 (2d Cir. Nov. 15, 2007) (summary order) (dismissing conspiracy claim where the "bare allegation of conspiracy [was] supported only by an allegation of conduct that is readily explained as individual action" and plaintiff failed to allege "a factual basis supporting a meeting of the minds . . . to achieve the charged unlawful end") (internal quotation marks and citations omitted). Plaintiff has not provided a sufficient factual basis to support his conclusory

---

[3] In Ciambriello, the Second Circuit deemed the factual allegations of a Section 1983 conspiracy under insufficient because the plaintiff had "not provided any details of time and place and failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense." 292 F.3d at 325 (internal citations and quotation marks omitted). In Toussie v. Powell, 323 F.3d 178 (2d Cir. 2003), the Second Circuit declined to consider "whether [its] previous statements on the pleading requirements for [Section 1983] conspiracy allegations remain valid in light of two subsequent Supreme Court decisions" which rejected heightened pleading standards. Id. at 185 n.3 (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) and Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

allegations that District Attorney Brown conspired with "the City" and "carried out a plan and scheme designed and intended to deny and deprive" Plaintiff of his rights. (Compl. ¶¶ 22-23.)

Second, even if Plaintiff's Complaint could be read to properly allege the existence of a conspiracy under Section 1983, Plaintiff has not provided sufficient allegations of municipal liability, given that the City is the sole defendant. As discussed above, a municipality may not be held liable under Section 1983 for the conduct of a lower-echelon employee solely on the basis of <u>respondeat superior</u>, <u>Monell</u>, 436 U.S. at 691; rather, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy, <u>see</u>, <u>e.g.</u>, <u>Pembauer</u>, 475 U.S. at 478-79. Given the conclusory nature of the Complaint's allegations against the City regarding its failure to train and to promulgate appropriate regulations, it is clear that Plaintiff has not properly alleged a policy, practice, or custom under which the City's employees engaged in a conspiracy to violate his constitutional rights.

Third, Plaintiff's claim of conspiracy against the City also appears to be barred under the the "corporate conspiracy" doctrine, "according to which members of a single entity cannot be found to have conspired with each other in their capacity as members of the entity." <u>Smith v. City of New York</u>, 290 F. Supp. 2d 317, 321 n.4 (E.D.N.Y. 2003) (concluding that plaintiff had not properly alleged a policy, practice, or custom of the City of New York to give rise to municipal liability for conspiracy under 42 U.S.C. § 1985, noting also that the conspiracy claim against City of New York "appears to be barred" under the corporate conspiracy doctrine, and citing cases); <u>Celestin v. City of New York</u>, 581 F. Supp. 2d 420, 434 (E.D.N.Y. 2008) (concluding that summary judgment for the City of New York on the plaintiff's Section 1983 conspiracy claim was proper because, <u>inter alia</u>, the defendants were all employees of the City of New York).

In sum, all of Plaintiff's Section 1983 claims against the City are dismissed under Rule 12(b)(6) for failure to state a claim on which relief can be granted. To the extent Plaintiff's Complaint asserts claims under state law, the court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c).[4] Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (noting that "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well").

## IV. CONCLUSION

For the reasons above, the City's Motion is GRANTED with respect to Plaintiff's federal claims, and the court declines to exercise jurisdiction over the state-law claims. The Clerk of the Court is directed to close the case.

SO ORDERED.

_/s/ Nicholas G. Garaufis__

Dated: Brooklyn, New York      NICHOLAS G. GARAUFIS
       June _18, 2009      United States District Judge

---

[4] While the Complaint states that the court has pendent jurisdiction over state-law causes of action, nowhere does it assert that Plaintiff's rights under state law were violated or that Plaintiff seeks relief under state law.